**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADAM TODD FORMAN,            :
                             :    Civil Action No. 10-1260 (NLH)
          Petitioner,        :
                             :
     v.                      :    **OPINION**
                             :
BUREAU OF PRISONS, et al.,   :
                             :
          Respondents.       :

**APPEARANCES**:

Petitioner pro se
Adam Todd Forman
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

   Petitioner Adam Todd Forman, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named Respondents are the Bureau of Prisons and Warden D. Zickefoose.

---

[1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
  (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

### I.   BACKGROUND

Petitioner was convicted of conspiracy to commit securities and wire fraud in the U.S. District Court for the Southern District of Florida and was sentenced, on June 18, 2008, to an aggregate term of sixty months' imprisonment.  See United States v. Forman, Criminal No. 07-80134 (S.D. Fla.) (Docket Entry No. 44).

Here, Petitioner alleges that in May 2009, the staff at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a request for a lesser security transfer to a camp, which request was denied on June 15, 2009.  Petitioner contends that the denial was based on inaccurate information regarding his alleged history of violence.

Petitioner alleges that on July 7, 2009, the staff at FCI Fort Dix requested a nearer release transfer, which Petitioner contends was denied based on population pressure in the Southeast Region.

Petitioner alleges that he exhausted his administrative remedies to challenge these decisions.

Petitioner asserts that his security designation and custody classification, which contribute to his place of confinement, are

based on inaccurate information regarding his alleged violent history.  Petitioner alleges that this inaccurate information relates to an attempted assault conviction in Suffolk County, New York, in 2000.  Petitioner asserts that the BOP violated his due process rights when it determined his security designation and custody classification based upon this allegedly inaccurate information.

Petitioner asks this Court to order the Bureau of Prisons to rescore Petitioner's violence history and to consider a transfer closer to his home.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

3

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

A.   Jurisdiction

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in

4

habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy."  Woodall, 432 F.3d at 237.  Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer is not cognizable in habeas.  See Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007).  In addition, the Court of Appeals has held that a federal prisoner's challenge to a security classification "does not fall within the narrow jurisdictional ambit of Woodall."  Burnam v. Marberry, 313 Fed.Appx. 455, 456, 2009 WL 449151, 1 n.2 (3d Cir. 2009).

Accordingly, this Court lacks jurisdiction, in habeas, to consider Petitioner's challenge to his security classification and place of confinement.  In any event, however, to the extent this Court could exercise jurisdiction over Petitioner's claims, they are meritless.

B.      Petitioner's Classification and Place of Confinement

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

Governments may confer on prisoners liberty interests that are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and

significant hardships" in which a state conceivably might create liberty interest).  See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.  Thus, for example, there is no there is no due process violation in assigning prisoner a Sex Offender Public Safety Factor.  See Day v. Nash, 191 Fed.Appx. 137, 2006 WL 2052335 (3d Cir. 2006).

Similarly, here, Petitioner has no liberty interest in avoiding the assignment to him of a particular security classification or place of confinement.  To the contrary, Congress has delegated to the Attorney General, and the Bureau of Prisons, the authority to determine a prisoner's appropriate classification and place of confinement.  See, e.g., 18 U.S.C. § 3621; 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification.

7

Petitioner has alleged no facts suggesting that the assignment to him of a particular security designation or place of confinement have subjected him to "atypical and significant" hardship.  Cf. Marti v. Nash, 2006 WL 840397, *3 (D.N.J. March 27, 2006), aff'd, 227 Fed.Appx. 148, 2007 WL 1072969 (3d Cir. 2007) (prisoner, whose assignment to PSF of Greatest Severity prevented his placement at minimum security level facility, had no due process right to any particular security classification); Day v. Nash, 2005 WL 2654089, *2-3 (D.N.J. Oct. 12, 2005), aff'd, 191 Fed.Appx. 137 (3d Cir. 2006) (no due process violation in assignment of Sex Offender PSF).

To the extent the Petition could be read as arguing that the BOP's assignment to Petitioner of a particular security classification or place of confinement is "arbitrary and capricious" in violation of § 706 of the Administrative Procedure Act, Congress has precluded judicial review of such claims.  See 18 U.S.C. § 3625.  See also Burnam v. Marberry, 313 Fed.Appx. 455, 456, 2009 WL 449151, 1 (3d Cir. 2009); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998).

Accordingly, Petitioner has failed to establish any due process violation in the assignment to him of a particular security classification or place of confinement.  Petitioner is not entitled to relief on his claims.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed or, in the alternative, denied.

An appropriate order follows.

At Camden, New Jersey              /s/ NOEL L. HILLMAN
                               Noel L. Hillman
                               United States District Judge

Dated: September 27, 2010